UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WENDEL WAYNE JOHNSON,

               Petitioner,

    v.

MAGGIE MILLER-STOUT,

               Respondent.

CASE NO. C11-5822BHS

ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING PETITION

      This matter comes before the Court on the Report and Recommendations ("R&R") (Dkt. 30) issued by United States Magistrate Judge J. Richard Creatura on the petition for writ of habeas corpus brought under 28 U.S.C. § 2254 by Petitioner Wendel Wayne Johnson ("Johnson"). Having considered the R&R, Johnson's objections, and the entire record, the Court adopts the R&R and dismisses the petition for the reasons stated herein.

## I. FACTUAL AND PROCEDURAL HISTORY

      The Court will rely on the factual summary of the Washington Court of Appeals found in the R&R. Dkt. 24 at 2 (quoting Dkt. 22, Exh. 5). This factual summary is accorded a presumption of correctness under 28 U.S.C. § 2254(e)(1). *See Moses v. Payne*, 555 F.3d 742, 746 n.1 (9th Cir. 2009). The Court will also rely on the procedural summary found in the R&R as neither party objects to the magistrate judge's recitation of such history. Dkt. 24 at 2-5.

On October 5, 2011, Johnson filed his petition for writ of habeas corpus under 28 U.S.C. § 2254 in this Court. Dkt. 6. On March 16, 2012, the magistrate judge issued an R&R recommending that Johnson's petition be dismissed. Dkt. 24. On March 26, 2012, Johnson filed objections to the R&R. Dkt. 25.

## II. DISCUSSION

### A.   Standard

A habeas corpus petition shall not be granted with respect to any claim adjudicated on the merits in the state courts unless the adjudication either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. §2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-413 (2000). Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *Id*.

A determination of a factual issue by a state court shall be presumed correct, and the applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. §2254(e)(1). Further, if the factual basis for the claims

in a habeas petition has not been adequately developed in state court, an evidentiary hearing may not be held unless the claim (1) relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable, or a factual predicate that could not have been previously discovered through the exercise of due diligence; and (2) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. §2254(e)(2).

**B.     Johnson's Objections**

Johnson's objections to the R&R are essentially a restatement of the claims made in his petition. He does not point out specific errors assigned to the R&R, rather, Johnson reargues the issues decided by the magistrate judge. Regardless, the Court concludes that, even considering Johnson's objections, the magistrate judge did not err in recommending that the petition be dismissed.

**1.     Ineffective Assistance of Counsel**

Johnson has failed to show that the magistrate judge erred in concluding that the decision of the Washington Supreme Court Commissioner on his claim for ineffective assistance of counsel was the result of an unreasonable application of federal law or was based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d). In reviewing his personal restraint petition, the Washington Supreme Court Commissioner concluded that Johnson's claim for ineffective assistance of counsel failed under the two-part standard for evaluating such claims. Dkt. 22, Exh. 13. First, Johnson was required

to show that his counsel's representation was so deficient that it "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 686.  Second, Johnson had to show that the deficient representation prejudiced the defense so "as to deprive the defendant of a fair trial, a trial whose result is unreasonable." *Id*.  As the magistrate judge points out in the R&R, the Washington Court of Appeals rejected Johnson's claim in reviewing his PRP, stating:

> Mr. Johnson first contends that trial counsel was ineffective in not investigating medical evidence and in not procuring a defense medical expert to counter the State medical expert's testimony.  But counsel had legitimate tactical and strategic basis for not conducting a more aggressive investigation of medical issues and for not retaining an expert.  The complaining witness testified that the vaginal and oral rapes occurred a decade earlier, when she was about seven years old.  The State's expert testified that there was scarring on the complaining witness's hymen consistent with prepubescent penetration.  On cross-examination, defense counsel competently had the expert concede alternative theories to explain the scarring, such as more recent juvenile sexual activity.  Mr. Johnson can only speculate that further examination of the complaining witness's medical records would have had any advantageous probative value, and had counsel been able to procure an expert willing to testify on Mr. Johnson's behalf, that expert would have been subject to an aggressive cross-examination.  Thus, defense counsel had a tenable reason to focus on cross-examination of the State's expert. *See In re Pers. Restraint of Davis*, 152 Wn. 2d 647, 709, 101 P.3d 1 (2004) (petitioner must establish counsel's lack of legitimate strategic or tactical reasons for litigation conduct).  And even if counsel was defective in this regard, Mr. Johnson demonstrates no reasonable probability that, but for that alleged deficiency, the jury would have acquitted him. *Davis*, 152 Wn. 2d at 673 (petitioner claiming ineffective assistance must establish both deficient performance and prejudice).

Dkt. 22, Exh. 13 at 1-2.

The Court concludes that Johnson has failed to show that the Washington Supreme Court Commissioner, or the Magistrate Judge, erred in concluding that his ineffective

assistance of counsel claim is without merit.  Johnson failed to show that his counsel's choice not to conduct a more aggressive investigation of the medical evidence and/or not to retain a defense medical expert fell below an objective standard of reasonableness, or even if it did, that there was a reasonable probability that the result of the trial would have been different.

### 2. Prosecutorial Misconduct

Johnson has failed to show that the magistrate judge erred in finding that the decision of the Washington Supreme Court Commissioner on his claim for prosecutorial misconduct was the result of an unreasonable application of federal law or was based on an unreasonable determination of the facts.  *See* 28 U.S.C. § 2254(d).

The question for the Court to consider in analyzing whether prosecutorial misconduct warrants habeas relief is whether the misconduct denied the defendant a fair trial in that the comments "so infected the trial with unfairness as to make the resultant conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986)(internal quotation marks omitted).  Prosecutorial "remarks must be examined within the context of the trial to determine whether the prosecutor's behavior amounted to prejudicial error. In other words, the Court must consider the probable effect the prosecutor's response would have on the jury's ability to judge the evidence fairly." *United States v. Young*, 470 U.S. 1, 11-12 (1985).

The Washington Supreme Court Commissioner stated:

> Mr. Johnson further claims the prosecutor committed misconduct in closing argument by explicitly referring to the manner of the alleged rapes and by claiming that a defense witness had lied.  Mr. Johnson argues that

1     these remarks conveyed the prosecutor's personal opinion as to his guilt
and the veracity of witnesses.  To the contrary, the prosecutor's statements
2     regarding oral and vaginal rape were based on evidence adduced at trial.
And the prosecutor did not act improperly in highlighting facts that the jury
3     may consider in assessing the credibility of witnesses.  *See State v. Warren*,
165 Wn.2d 17, 30, 195 P.3d 940 (2008), *cert. denied*, 129 S. Ct. 2007
4     (2009) (prosecutor had wide latitude to argue reasonable inferences from
evidence.

Dkt. 22, Exh. 13 at 2-3.

       The Court concludes that Johnson has failed to show that the magistrate judge erred in concluding that the Supreme Court Commissioner's finding that no prosecutorial conduct occurred is contrary to established Supreme Court law, nor is it an unreasonable application of that law considering the facts and evidence in the record.  Johnson fails to show that the prosecutor acted improperly in arguing the evidence and reasonable inferences in his closing arguments.

**C.     Certificate of Appealability**

       Under 28 U.S.C. § 2253(c) and Federal Rule of Appellate Procedure 22(b), a petitioner may not appeal the final order in a habeas corpus proceeding in which the detention complained of arises out of a state court proceeding or in a proceeding under 28 U.S.C. § 2255 unless the district court or the Ninth Circuit issues a certificate of appealability identifying the particular issues that may be pursued on appeal.  *United States v. Asrar,* 116 F.3d 1268, 1270 (9th Cir. 1997).

       To obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional right. A petitioner must also demonstrate that reasonable jurists could debate whether, or agree that, the petition should have been

resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, the Court concludes that Johnson has filed to make a substantial showing of the denial of a constitutional right. In addition, he has failed to show that reasonable jurists could agree that his petition should have been resolved in a different manner. Accordingly, the Court concludes that Johnson is not entitled to a certificate of appealability.

## IV. ORDER

Therefore, it is hereby **ORDERED** as follows:

(1) The R&R (Dkt. 24) is **ADOPTED**;

(2) Johnson's petition (Dkt. 6) is **DISMISSED**; and

(3) Johnson is not entitled to a certificateof appealability.

Dated this 16th day of March, 2012.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge